# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KELLY BAINBRIDGE,

        Plaintiff,        Case No. 09-CV-14752

v.

                              Hon. George Caram Steeh

PORRETTA & BERGMAN M.D., et al.,

        Defendants.

## STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and the agreement and stipulation of the parties, and in order to expedite discovery and to protect the confidential status of confidential information of the Defendants related to their patients, the parties hereby agree to be bound by the terms of this Order throughout the pendency of this action, including until such time as this Order is signed by this Court or this Order is entered, and following the termination of this action.

IT IS HEREBY ORDERED THAT the following provisions and conditions shall apply to all Confidential Material in the above-captioned matter:

1.     <u>Definition of Confidential Material</u>. To protect particularly sensitive information relating to Defendants' patients, Defendants may designate those billings records requested on July 20, 2010 to be "Confidential" pursuant to the procedures set forth in this Order ("Confidential Material").

2.     <u>Manner of Designation of Confidential Material</u>. Materials designated as Confidential Material shall, if in documentary form and copied for production, be stamped or

1

designated "Confidential" on each page containing Confidential Material and maintained and disclosed subject to the provisions of this Order. With respect to non-documentary Confidential Materials, the Designating Party shall employ a method sufficient to provide notice to anyone examining or reviewing the non-documentary Confidential Material that it has been designated Confidential Material. For a period of thirty (30) days following the production of copies of documents to an opposing party (or such shorter or longer period agreed to by counsel), the documents shall be deemed Confidential Material regardless of whether they are formally so designated. Within that time period, the producing party may designate such documents as Confidential Material by serving written notice on the other party that the documents are Confidential Material and submitting substituted copies of the documents marked with the "Confidential" legend. If documents are produced prior to copying, the Designating Party shall inform opposing counsel which documents are designated "Confidential."

3. <u>Persons to Whom Confidential Material May be Disclosed</u>. Except as otherwise provided herein, all Confidential Material shall be used solely for the prosecution and defense of the claims in this action. Unless the Court for good cause shown rules otherwise, Confidential Material shall not be disclosed to any person other than the Court and the following individuals:

(a) judicial officers, judicial personnel (including stenographic reporters), and jurors during trial of this action;

(b) counsel for a party in this action, including members and associates of their law firms, and in-house counsel;

(c) the clerical and paralegal staff of counsel for a party in this action and such staff of in-house counsel;

(d) witnesses at deposition or trial; and

(e) the parties to this action, for use only for purposes of this action and not for any business or competitive purposes.

Confidential Material disclosed to any such person shall not be disclosed by him or her to any other person not included within subparagraphs (a) through (e) of this paragraph 1, except as otherwise agreed to in writing by the Defendants or as permitted by subsequent Order of this Court..

The use of any Confidential Material in the examination in deposition, of an employee of such Designating Party, shall not be deemed "disclosure" for purposes of this Order, provided, however, that only persons to whom disclosure of such Confidential Material is authorized hereunder may be present during such use.

The use of any Confidential Material at trial shall be the subject of separate Orders or rulings by the Court.

4. <u>Execution of Confidentiality Agreement</u>. Before any Confidential Material is disclosed to any person encompassed by subparagraphs 1 (d) or 1 (e), the party making the disclosure shall ensure that the person to whom the Confidential Material is to be disclosed has read this Order and agreed to be bound by its terms by executing a Confidentiality Agreement in the form attached hereto as <u>Exhibit A</u>.

Further, it is the right of any party or non-party producing Confidential Materials in this action to request and receive an executed Confidentiality Agreement before producing any Confidential Materials.

5. <u>Filings Containing Confidential Material to be Under Seal</u>. Any Confidential Material filed by either party with the Court, either as part of a pleading, brief, or otherwise, shall be filed under seal in accordance with the provisions of Local Rule 5.3, Administrative Order No. 05-AO-025, and any applicable rules or guidelines governing the filing of materials under

seal with the Electronic Case Filing System. Where possible, only portions of the filing with the Court constituting Confidential Material shall be filed under seal.

6. <u>Designation of Transcripts</u>. In accordance with this Order, counsel for any party (and any non-party giving testimony pursuant to subpoena) may designate that all, or specific portions, of the transcript and exhibits of a deposition shall be subject to the provisions of this Order to the extent that it contains Confidential Material. Such designation shall be made on the record of the deposition or within thirty (30) days after the party's receipt of the transcript of the deposition and promptly communicated to counsel for all parties. All deposition transcripts and exhibits shall be deemed subject to the protections afforded by this Order until expiration of the thirty (30) day period after receipt by counsel of the transcript. Where a transcript or such specific portions of a transcript are so designated, they and all portions of the transcripts of such depositions and all exhibits which refer or relate to such Confidential Material, shall be deemed to be Confidential Material and subject to the terms and restrictions of this Order.

7. <u>Disputes Concerning the Propriety of Confidentiality Designations</u>. Whenever a party objects to the designation of any material as Confidential Material, it may apply to the Court for a ruling that the material shall not be so treated. Until this Court enters an order changing or removing the designation, the Material shall be treated as Confidential Material as provided for in this Order. The parties shall try first to dispose of any such disputes in good faith on an informal basis.

8. <u>No Waiver of Rights and Obligations</u>. Nothing contained in this Order shall affect the right of any party to make any objection, claim, or other response to interrogatories, requests to admit, requests for production of documents, or to any questions at deposition.

Furthermore, this Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party with respect to any Material produced in this action.

9. <u>No Restriction on Use of Own Materials</u>. Nothing in this Order shall prejudice the Defendants' right to make any use of, or disclose to any person, any Confidential Material without prior Court order, or to waive the provisions of this Order with respect to its Confidential Material protected from unauthorized disclosure under this Order.

10. <u>Notice Upon Receipt of Subpoena</u>. If a Party or counsel for a party is served with a subpoena (or other process) for any Confidential Material protected from disclosure under this Order, the person so served shall give to counsel for the other parties seven (7) days' notice, or reasonable notice if the time for compliance with the subpoena is seven days or less after service, of the existence and service of the subpoena and provide a copy of the subpoena (or other process) to the other parties before producing any such Confidential Material.

11. <u>Inadvertent Disclosure of Confidential Material</u>. Inadvertent disclosure of Confidential Material (or any information contained therein or derived therefrom) shall not be deemed to waive any of the rights provided herein. In the event of any such material inadvertent disclosure, once it has been determined that Confidential Material has been inadvertently disclosed the person to whom the Confidential Material was disclosed shall refrain from copying or disseminating the Confidential Material and shall return the Confidential Material to the disclosing person or party and certify that the Confidential Material has not been copied or disseminated.

12. <u>Custody of Confidential Materials</u>. All Confidential Material designated and/or produced in accordance with this Order shall be maintained in a secure location with reasonable measures being taken by the party with custody of such Confidential Material to ensure the

confidentiality of such information in accordance with the terms of this Order. In the event of a disclosure of Confidential Material to a person not authorized to have had such disclosure made to him or them under the provisions of this Order, the party responsible for having made or allowed such disclosure shall immediately inform counsel for the party whose Confidential Material has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible party shall also take all reasonable measures promptly to retrieve from the unauthorized person all copies of the disclosed Confidential Material and to ensure that no further or greater unauthorized disclosure of the Confidential Material is made.

13. <u>No Waiver or Admission</u>. Nothing in this Order, or any designation or declaration pursuant to this Order, shall constitute, or be used by any party as, an admission by a party opponent.

14. <u>Disposition of Confidential Material Upon Final Termination of this Action</u>. Within thirty (30) days following the final termination of this action, all persons subject to this Order shall, at the instruction of the Designating Party, either return or destroy all Confidential Material (and all documents containing information referring to or derived therefrom), including all copies thereof, to counsel for the Designating Party, except for documents covered by the attorney-client privilege or the attorney work-product doctrine, pleadings filed in this action, transcripts, deposition, trial or hearing exhibits, and discovery responses served, which shall remain subject to the terms of this Order. The remaining provisions of this Order prohibiting non-disclosure of Confidential Material shall continue in effect after the termination of this litigation. With respect to Confidential Material filed under seal and existing in the Court's case file at the conclusion of this matter, the Designating Party shall, in compliance with Local Rule

5.3(b), within sixty (60) days after the entry of final judgment and an appellate mandate, if appealed, present to the court a proposed order specifying whether the Confidential Material sealed is to be (a) returned to the parties or (b) unsealed and placed in the case file.

15. <u>Amendment/Retention of Jurisdiction</u>. This Order may be modified or amended by order of the Court for good cause shown or by the written agreement of the parties.

IT IS SO ORDERED:

s/George Caram Steeh
United States District Judge

Dated: August 4, 2010

MADDIN, HAUSER, WARTELL,
  ROTH & HELLER, P.C.

By  s/ Kathleen H. Klaus
    Kathleen H. Klaus (P67207)
    Harvey R. Heller (P27351)
    Steven M. Wolock (P348497)
Attorneys for Defendants
28400 Northwestern Highway, 3rd Floor
Southfield, Michigan 48304
248/354-4030
E-mail: KHK@maddinhauser.com

*s/ Marla A. Linderman (by consent KHK)*
MARLA A. LINDERMAN (P55759)
Attorney for Plaintiff
LINDERMAN LAW P.C.
4763 S. Old U.S. 23, Suite C-2
Brighton, Michigan 48104
(810) 220-0600
Email: lindermanlaw@sbcglobal.net

# **EXHIBIT A**

## CONFIDENTIALITY AGREEMENT

By my signature, I hereby acknowledge that I have read the STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION ("Protective Order") entered in *Bainbridge v. Porretta Bergman, P.C., et al,* Case No. 2:09-cv-14752, pending in the United States District Court for the Eastern District of Michigan. I understand the Protective Order and agree to be bound by its terms. I understand that unauthorized disclosure of Confidential Material protected from disclosure pursuant to the Protective Order constitutes contempt of court. I further agree to subject myself to the jurisdiction of the United States District Court for the Eastern District of Michigan with respect to all matters relating to compliance with this Confidentiality Agreement and the Protective Order.

I understand that all Confidential Material and copies, including but not limited to any notes or other transcription made from such Confidential Material, shall be returned to counsel for the person providing such Confidential Material to me no later than thirty (30) days after the final termination of the above-referenced action or shall be destroyed pursuant to the Protective Order.

| _____ | _____ |
| Date | Name |
| | _____ |
| | Signature |
| | _____ |
| | Address |
| | _____ |